| | |
|---|---|
| Emily Ullman<br>COVINGTON & BURLING LLP<br>One City Center<br>850 Tenth Street, NW<br>Washington, DC 20001-4956<br>Telephone: (202) 662-6000<br>Email: EUllman@cov.com<br><br>*Attorneys for Defendant* | Andrew J. Obergfell<br>Max S. Roberts<br>BURSOR & FISHER, P.A.<br>888 Seventh Avenue<br>New York, NY 10019<br>Telephone: (646) 837-7150<br>Email: aobergfell@bursor.com<br>Email: mroberts@bursor.com<br><br>Sarah N. Westcot<br>BURSOR & FISHER, P.A.<br>701 Brickell Avenue, Suite 1420<br>Miami, FL 33131<br>Telephone: (305) 330-5512<br>Email: swestcot@bursor.com<br><br>*Attorneys for Plaintif* |

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OTTO DELCID, on behalf of himself and all others similarly situated,<br><br>   Plaintiff,<br><br>v.<br><br>THE PROCTER & GAMBLE COMPANY,<br><br>   Defendant. | Case No. 1:21-cv-09454-GHW-KHP<br><br>**MEMORANDUM IN SUPPORT OF JOINT MOTION TO STAY ALL PROCEEDINGS PENDING JPML DETERMINATION** |

   In support of their Joint Motion to Stay All Proceedings Pending JPML Determination ("Motion"), Plaintiff Otto Delcid ("Plaintiff") and Defendant The Procter & Gamble Company ("P&G") state as follows:

1. On November 15, 2021, Plaintiff filed the above-captioned putative class action complaint (the "Complaint") against P&G asserting claims based on allegations that certain P&G aerosol antiperspirant sprays contained benzene. *See* ECF No. 1.

2. P&G's deadline to respond to the Complaint currently is January 7, 2022. *See* 11/23/2021 ORDER granting Letter Motion.

3. As of the date of filing this Motion, there were thirteen other actions in eight other districts asserting claims related to the alleged presence of benzene in certain P&G aerosol products.

4. Under the Multidistrict Litigation Act, "[w]hen civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings." 28 U.S.C. § 1407(a).

5. On December 13, 2021, P&G filed with the Judicial Panel on Multidistrict Litigation ("JPML") a Motion for Transfer of Actions Pursuant to 28 U.S.C. § 1407 for Centralized Pretrial Proceedings, seeking to create a Multidistrict Litigation ("MDL") proceeding and to transfer this action and others asserting similar benzene-related claims against P&G to the Southern District of Florida for centralized pretrial proceedings. *See* ECF No. 11.

6. On December 14, 2021, the JPML issued a briefing schedule for P&G's Motion for Transfer, with responses to the Motion for Transfer due on January 4, 2022, and replies due on January 11, 2022. *See In re Procter & Gamble Aerosol Products Marketing & Sales Practices Litigation*, MDL No. 3025, ECF No. 3 (J.P.M.L. Dec. 14, 2021). The Panel is expected to render a decision shortly after its hearing on the Motion for Transfer. *See* John G. Heyburn II, *A View from the Panel: Part of the Solution*, 82 Tul. L. Rev. 2225, 2242 (2008) ("The Panel's rules already require a tight briefing schedule prior to oral argument on all § 1407 transfer motions. The Panel

prepares extensively for oral argument and usually reaches a decision on each case during its conference immediately afterwards . . . .").

7. This action was recently filed and there has been no activity in the case other than the motion for extension of time to file a response to the Complaint.

8. "[W]here, as here, an MDL proceeding has been established, courts in this and other circuits have routinely granted applications to stay the proceedings . . . pending action by the JPML." *Lee v. Equifax Info. Servs., LLC*, No. 18-CV-3133 (RRM), 2018 WL 8139008, at *1 (E.D.N.Y. Aug. 6, 2018) (internal citation omitted); *see also City of Amsterdam v. Purdue Pharma L.P.*, No. 119CV896MADCFH, 2019 WL 5102564, at *3 (N.D.N.Y. Oct. 11, 2019); *Ebin v. Kangadis Food Inc.*, No. 13 CIV. 2311 JSR, 2013 WL 6504555, at *2 (S.D.N.Y. Dec. 11, 2013); *Matter of Merck & Co., Inc.*, No. 6:06-CV-06033-DGL, 2006 WL 8455780, at *3 (W.D.N.Y. Mar. 1, 2006).

9. In granting a motions to stay proceedings, courts in the Second Circuit apply a five factor test. *Lee v. Equifax Info. Servs., LLC*, 2018 WL 8139008, at *1 (E.D.N.Y. Aug. 6, 2018) ("(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.").

10. Plaintiff and P&G agree that the interest of efficiency for the Parties and the Court would be best served by staying this case until the JPML rules on the pending Motion for Transfer. Absent a stay, the Court and the Parties would face near-term case management obligations and deadlines. In light of the likelihood that there will be an MDL consolidating these actions for the purpose of pretrial proceedings, a stay is prudent to avoid duplication of pretrial efforts by the

Parties, any waste of judicial resources, and the risk of conflicting rulings, and to promote just and efficient conduct of these actions.

11. P&G is seeking similar stays in all other cases in which it has been served involving claims related to the alleged presence of benzene in certain P&G aerosol products. No Plaintiff in these cases has opposed a request for a stay.

12. The parties agree that if the JPML petition is denied or abandoned, Plaintiff will file an updated case management statement within 14 days.

13. Therefore, the Parties respectfully request that this Court stay the action pending the decision of the JPML in *In re Procter & Gamble Aerosol Products Marketing & Sales Practices Litigation*, MDL No. 3025, and vacate all deadlines, including P&G's obligation to respond to the Complaint. If the JPML does not centralize these cases, the parties will file a status report within 14 days of the JPML's ruling.

Dated: December 17, 2021

/s/ Emily Ullman
Emily Ullman

*Attorney for Defendant*

/s/ Andrew Obergfell
Andrew Obergfell

*Attorney for Plaintif*